IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00478-BNB-PAC

EDWARD J. KERBER,
NELSON B. PHELPS,
Individually, and as Representative of plan participants and plan beneficiaries of the QWEST PENSION PLAN,

Plaintiffs,

v.

QWEST PENSION PLAN,
QWEST EMPLOYEES BENEFIT COMMITTEE,
QWEST PENSION PLAN DESIGN COMMITTEE, and
QWEST COMMUNICATIONS INTERNATIONAL, INC.,

Defendants.
_____

**ORDER**
_____

This matter is before me on the parties' **Stipulated Protective Order** [Doc. # 49, filed 1/27/06] (the "Motion"). The Motion is DENIED and the proposed Protective Order is REJECTED. The parties are granted leave to submit a revised draft order consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386. In addition, I require that the protective order contain a

mechanism by which a party may challenge the designation of information as confidential.  The addendum to the Gillard decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at 388-89.

The draft protective order does not comply with the requirements established in Gillard. First, it allows for the designation of materials as confidential far beyond what is permitted by Rule 26(c)(7), Fed. R. Civ. P., or otherwise by law.

In addition, the challenge mechanism contained in paragraph 7 improperly places the burden of objecting on the party receiving the materials.  The burden always rests on the party seeking protection to request a protective order and to establish the right to protection.

In addition, paragraph 6(c) of the proposed protective order is not fully consistent with the requirements of D.C.COLO.LCivR 7.2 and 7.3.  All filings under seal must be in accordance with the local rules of practice.

In addition, paragraph 18 of the proposed protective order purports to establish a procedure applicable to the "inadvertent disclosure" of privileged, as opposed to confidential, materials.  Issues concerning privileged materials must be raised separately and are not appropriate for treatment in a blanket protective order concerning the production of confidential information.

IT IS ORDERED that the Motion is DENIED.

Dated January 30, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge