IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00478-BNB-KLM

EDWARD J. KERBER,
NELSON B. PHELPS,
JOANNE WEST,
NANCY A. MEISTER,
THOMAS J. INGEMANN, JR.,
Individually, and as Representative of plan participants and plan beneficiaries of the QWEST
PENSION PLAN,

Plaintiffs,

v.

QWEST PENSION PLAN,
QWEST EMPLOYEES BENEFIT COMMITTEE,
QWEST PENSION PLAN DESIGN COMMITTEE, and
QWEST COMMUNICATIONS INTERNATIONAL, INC.,

Defendants.

---

## ORDER

---

This matter is before me on the following:

(1)     **Defendants' Motion for Summary Judgment** [Doc. # 68, filed 8/30/2006];

(2)     **Defendants' Motion to Strike the Report of Plaintiffs' Putative Expert** [Doc. # 98, filed 11/2/2006];

(3)     **Defendants' Motion to Strike** [Doc. # 104, filed 11/17/2006];

(4)     **Defendants' Motion In Limine to Exclude Certain Testimony of Proposed Witnesses Barbara Doherty and Richard Remington** [Doc. # 113, filed 12/8/2006];

(5)     **Defendants' Motion In Limine to Exclude Testimony of Leonard L. Garofolo**

[Doc. # 114, filed 12/8/2006];

(6)     **Defendants' Motion to File Supplemental Materials** [Doc. # 128, filed 1/22/2007]; and

(7)     **Plaintiffs' Motion to File Supplemental Authority** [Doc. # 133, filed 3/14/2007].

**Defendants' Motion for Summary Judgment** [Doc. # 68, filed 8/30/2006] has been the subject of extensive briefing and supplementation.  In its current form, the Motion for Summary Judgment is supported by the defendants' 28 page opening brief; is opposed by the plaintiffs' response of 40 pages; is further supported by the defendants' 29 page reply; is the subject of at least seven supplements or requests to supplement, including five by the plaintiffs and two by the defendants; and includes five inches (which I estimate at 1,200 pages) of exhibits offered in support or opposition.

The Motion for Summary Judgment has spawned collateral motions which are pending. These include **Defendants' Motion to Strike the Report of Plaintiffs' Putative Expert** [Doc. # 98, filed 11/2/2006], which seeks an order striking an expert's report and, in particular, requests that the report not be considered in connection with the ruling on the Motion for Summary Judgment;  the **Defendants' Motion to Strike** [Doc. # 104, filed 11/17/2006], which seeks an order striking portions of an affidavit offered in opposition to the Motion for Summary Judgment; **Defendants' Motion to File Supplemental Materials** [Doc. # 128, filed 1/22/2007]; and **Plaintiffs' Motion to File Supplemental Authority** [Doc. # 133, filed 3/14/2007].

The briefing is at once overwhelming in quantity and unhelpful in quality.  I agree with the sentence which opens the Introduction to the defendants' reply [Doc. # 97]--"Confusion now hath

2

made his masterpiece"--although I find that both sides are guilty of contributing to the morass through the structure and indirect nature of their arguments.  Although I will allow the defendants to file a renewed motion for summary judgment, on or before October 31, 2007, I will require that the renewed motion and associated briefing comply with Part V.H of Judge Robert E. Blackburn's Practice Standards--Civil Actions.  In addition, I urge the parties to exercise reason in connection with any exhibits offered in connection with the renewed motion.  The briefs and supporting materials should assist me in understanding the issues; they should not overwhelm me.

There also are pending two motions in limine directed to the admissibility of testimony: **Defendants' Motion In Limine to Exclude Certain Testimony of Proposed Witnesses Barbara Doherty and Richard Remington** [Doc. # 113, filed 12/8/2006] ("Defendants' First Motion In Limine"); and **Defendants' Motion In Limine to Exclude Testimony of Leonard L. Garofolo** [Doc. # 114, filed 12/8/2006] ("Defendants' Second Motion In Limine").

Defendants' First Motion In Limine seeks to exclude the testimony of Barbara Doherty and Richard Remington, who both are former members of the U S WEST Employee Benefits Committee, arguing:

> [T]he Witnesses broadly and baldly assert that "the [Employee Benefits Committee] understood the Pension Death Benefit, like the service pension, could not be reduced or eliminated after a person retired. . . ."
>
> This testimony runs afoul of the requirement under Federal Rule of Evidence 602 that a witness have personal knowledge of a matter in order to testify about it.  Since the matter never came before the [Employee Benefits Committee], the Witnesses cannot have personal knowledge of the [Employee Benefits Committee's] position on the matter.  The testimony also runs afoul of the requirement in Federal Rule of Evidence 601 that a witness must be competent to testify about the matter at issue.  The [Employee

3

Benefits Committee] may only speak or act as a committee.  Since the [Employee Benefits Committee] never took any action on the matter, one individual member of the committee is certainly not competent to testify as to its official position. . . .

While the Witnesses may have personal opinions about the nature of the death benefit, they simply should not be allowed to testify about the [Employee Benefits Committee's] position on the revocability of the death benefit when that issue was never before the committee.

Defendants' First Motion In Limine at ¶¶6-8.

I cannot rule on these objections in the abstract, and any ruling concerning the testimony of Doherty and Remington must await the trial and be based on the particular testimony elicited.

The Defendants' Second Motion In Limine is a Daubert challenge to plaintiffs' expert Leonard L. Garofolo.  I find that the Defendants' Second Motion In Limine is premature. Consequently, I will deny it without prejudice and with leave to renew it, if appropriate, after an order ruling on the renewed motion for summary judgment.

IT IS ORDERED that the **Defendants' Motion for Summary Judgment** [Doc. # 68, filed 8/30/2006] is DENIED without prejudice.  It may be renewed, if at all, on or before **October 31, 2007**, in a form consistent with Part V.H of Judge Robert E. Blackburn's Practice Standards-- Civil Actions.  All briefing addressing the renewed motion for summary judgment must comply with that practice standard.

IT IS FURTHER ORDERED that **Defendants' Motion to Strike the Report of Plaintiffs' Putative Expert** [Doc. # 98, filed 11/2/2006]; **Defendants' Motion to Strike** [Doc. # 104, filed 11/17/2006]; **Defendants' Motion to File Supplemental Materials** [Doc. # 128, filed 1/22/2007]; and **Plaintiffs' Motion to File Supplemental Authority** [Doc. # 133, filed

4

3/14/2007], are DENIED as moot.

IT IS FURTHER ORDERED that **Defendants' Motion In Limine to Exclude Certain Testimony of Proposed Witnesses Barbara Doherty and Richard Remington** [Doc. # 113, filed 12/8/2006] is DENIED.

IT IS FURTHER ORDERED that **Defendants' Motion In Limine to Exclude Testimony of Leonard L. Garofolo** [Doc. # 114, filed 12/8/2006] is DENIED as premature.  It may be renewed, if appropriate, after a ruling on the defendants' renewed motion for summary judgment.

Dated September 24, 2007.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge